IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Kathaleen B. Smalls, | ) C/A No. 7:16-cv-01788-BHH-KFM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| President Barack Obama; Ashton Carter, | ) |
| Secretary of the Department of Defense; Loretta | ) |
| Lynch, Attorney General; United States Army; | ) |
| United States Marine Corps; United States Navy; | ) |
| United States Attorney for the District of South | ) |
| Carolina; | ) |
| | ) |
| Defendants. | ) |
| | ) |

The plaintiff, proceeding *pro se*, brings this civil action asserting a claim under

§ 1983.  The plaintiff is a non-prisoner, and she files this action *in forma pauperis* under 28

U.S.C. § 1915.  The complaint is subject to summary dismissal.

### BACKGROUND

In the statement of facts section of the complaint, the plaintiff states "murder[,]

attempt murder[,] rape[, and] intentional discrimination" (doc. 1 at 5).  In the relief section

of the complaint, the plaintiff alleges that the defendants tried to kill her, put her in fear, and

disrupted her family (*id.*).  The plaintiff seeks $500,000,000 (*id.*).

### STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule

73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and

submit findings and recommendations to the District Court.  The plaintiff filed this action

pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501

2

(2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Further, although the Court must liberally construe the *pro se* complaint and the plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the complaint, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also McCleary-Evans v. Maryland Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015) (noting that a plaintiff must plead enough to raise a right to relief above the speculative level); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

Here, the plaintiff has failed to state a plausible claim under § 1983 because she has not provided any facts in support of her claim.  Instead, she merely concludes that the defendants have committed crimes and violated her rights.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Twombly*, 550 U.S. at 545 (internal citation omitted) (alteration in original).

## <u>RECOMMENDATION</u>

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **The plaintiff's attention is directed to the important notice on the next page.**


                                    <u>s/Kevin F. McDonald</u>
June 9, 2016                        Kevin F. McDonald
Greenville, South Carolina         United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).